IMPERIAL BLDG. CO. v. J. H. WOODBURY DERMATOLOGICAL INST.

(City Court of New York, General Term.   June 29, 1899.)

1. APPEAL—FAILURE OF DEFENDANT TO EXCEPT.
    Where the defendant fails to except to any of the propositions submitted
    to the jury in the charge, he is deemed to have fully acquiesced therein.
2. SAME—QUESTIONS OF FACT.
    The determination of the jury on questions of fact will not be reviewed.

Appeal from trial term.

Action by the Imperial Building Company against the J. H. Woodbury Dermatological Institute. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Benjamin Patterson, for appellant.

Douglass & Minton, for respondent.

CONLAN, J.   The plaintiff was the owner of an office building in the city of St. Louis, known as the "Union Trust Building." It leased a portion of the premises to the defendant for a term of years. The defendant occupied the premises until about March 1, 1896, when it vacated, claiming an eviction, and the plaintiff, under one of the provisions of the lease, relet a portion of the premises for the defendant's benefit; and this action was brought to recover the rent in excess of the amount received for such reletting. The lease provided that all signs shall be made in gilt or silver leaf lettering, and both in size, style of lettering, and material under written instructions of the lessor or his agent, and shall be first approved by the landlord before being put up.

It was contended by the defendant on the trial that he had such permission to put up a sign, which, in addition to the lettering, contained a sort of trade-mark or device, and this, it was claimed by the plaintiff, was not permitted under provisions of the lease, and that consent for its use upon the premises had not first been obtained. This sign was taken down by the landlord, and, after removing the objectionable features complained of, was restored. This, the defendant asserts, freed him from the obligation to pay rent, and canceled the lease.

The court charged the jury, in part, as follows:

"The question for you to determine in this case is: Were the signs which the defendant placed upon the bulletin board in question approved of by the plaintiff before they were placed there? The plaintiff wishes you to believe that the sign upon the thirteenth floor was placed there conditionally; that is to say, that it might remain there until it was objected to by other tenants. If you believe that the sign was placed there in that manner and on that condition, then I charge you that the plaintiff had a right to remove the same, and replace it, as he did, minus the trade-mark, and, under those circumstances, the defendant would be liable for the rent."

The learned judge also charged the converse of the proposition, and thus the whole controversy was before the jury. The defend-

ant failed to except to any of the propositions that were submitted to the jury under the charge, and must therefore be deemed to have fully acquiesced therein. The jury having determined the facts in favor of the plaintiff, there is nothing before us for review.

The judgment and order appealed from must be affirmed, with costs. All concur.

## McCOBB v. CHRISTIANSON.[1]

(City Court of New York, General Term. March 29. 1899.)

REPLEVIN—DEMAND FOR RETURN—ANSWER.

Code Civ. Proc. § 1725, providing that, in replevin, defendant shall serve on plaintiff's attorney a notice of a demand for judgment for the return of the chattel, and on the trial a copy of the notice shall be furnished the court, is permissive, and not mandatory; and, where the answer contains a demand, it is sufficient.

Appeal from special term, New York county.

Order affirmed, with costs.

